IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED

AUG 26 2010

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

| | |
|---|---|
| PAUL and TAMMY MAUS, individually and as parents and next friend of A.C., a minor child, et al., ) ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) | No. CIV-07-1323-W |
| ) | |
| NORMAN PUBLIC SCHOOL DISTRICT, Independent School District No. 29 of Cleveland County, Oklahoma, et al., ) ) ) ) | |
| Defendants. ) | |

## ORDER

This matter comes before the Court on the Motion to Dismiss Certain Defendants Without Prejudice filed by the plaintiffs, wherein they have sought to dismiss without prejudice their federal and state law claims against defendants Patrick K. Nolen, Olivia Scarce, Dana Morris, Todd Smith, Denise Shelton, Karen Nelson, Curtis Boyer and Sandra Drennan, in their individual and official capacities, and Joseph Siano, in his individual capacity. These defendants have responded, the plaintiffs have filed a reply, and as directed by the Court, the defendants have filed a sur-reply. Based upon the record, the Court makes its determination.

Rule 41(a)(2), F.R.Civ.P.,[1] permits dismissal of an action "at the plaintiff[s'] request . . . on terms that the [C]ourt considers proper." The plaintiffs have contended that the dismissal should be without prejudice and not subject to any terms or conditions. The defendants, whose dismissal is sought, have responded since the plaintiffs arguably intend

---

[1] In their motion, the plaintiffs cited Rule 41(a)(1)(A), F.R.Civ.P. They have now conceded that the appropriate rule is Rule 41(a)(2), F.R.Civ.P.

to refile the dismissed claims, see Motion to Dismiss Certain Defendants Without Prejudice at 1 ("Plaintiffs no longer wish to pursue their claims against these parties at this time")(emphasis added), the Court either should dismiss the action as to them with prejudice, or in the alternative, deny the plaintiffs' request for dismissal and rule on the pending Motions for Summary Judgment.

Rule 41(a)(2) "'is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.'" Brown v. Baeke, 413 F.3d 1121, 1123 (10th Cir. 2005)(quoting Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 357 (10th Cir. 1996)(further quotation omitted)). "Absent 'legal prejudice' to the defendant[s], the . . . [C]ourt normally should grant such a dismissal." Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997)(citations omitted).

As the United States Court of Appeals for the Tenth Circuit has explained,

> [p]rejudice [to the defendants] does not arise simply because a second action . . . may be filed against the defendant[s], which is often the whole point in dismissing a case without prejudice. Rather, prejudice is a function of other practical factors, including: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant[s]; insufficient explanation of the need for a dismissal; and the present stage of the litigation." Ohlander, 114 F.3d at 1537. These factors are neither exhaustive nor conclusive; the [district] court should be sensitive to other considerations unique to the circumstances of each case. And "[i]n reaching its conclusion, the district court should endeavor to insure substantial justice is accorded to both parties, and therefore the court must consider the equities not only facing the defendant[s], but also those facing the plaintiff[s]." County of Santa Fe v. Public Service Co., 311 F.3d 1031, 1048 (10th Cir. 2002)(quotation omitted).

413 F.3d at 1124 (further citation omitted). Thus, because the plaintiffs' request for a dismissal should be granted unless the defendants will suffer some legal prejudice other than the mere prospect of a second lawsuit, the Court has considered those factors deemed relevant by the circuit court in light of the circumstances of this case.

2

There is no question that this lawsuit is at an advanced stage; the matter has been pending since November 2007, discovery has been completed, and the matter is set for trial on the Court's October 2010 jury trial docket. The defendants have filed Motions for Summary Judgment, and it is beyond dispute that they have devoted significant effort and expense in defending against the plaintiffs' claims and in preparing for trial; two of the defendants whose dismissal is sought, Scarce and Siano, have also expended additional hours in preparing for their depositions and in being deposed. However, the defendants whose dismissal is sought have not refuted the plaintiffs' contention that any discovery in which they may have been involved may still be applicable to the issues in this lawsuit or contested the plaintiffs' representations that Scarce and Siano, the two defendants who were deposed, will be witnesses at trial.

The defendants have argued that dismissal with prejudice is nevertheless warranted because the plaintiffs not only knew or should have known that they had no good faith basis to pursue claims against them, but also because they have failed to sufficiently explain why dismissal of their claims has been sought at this stage of the litigation.

First, the prejudice with which the Court is concerned is that prejudice that arises from the requested dismissal and the potential refiling of the lawsuit; it is not that prejudice that results from the suit having been filed in the first instance. Secondly, while the Court is mindful "that a party should not be permitted to avoid an adverse decision on a dispositive motion by dismissing a claim without prejudice," Phillips USA, 77 F.3d at 358 (citation omitted), that is not the situation in this case. The stated reason for the requested dismissal of these particular defendants is to prevent an interlocutory appeal (and, a

potential delay of the trial) should the Court rule in favor of the plaintiffs and find that these defendants are not entitled to qualified immunity.

Although the plaintiffs' reason for dismissal is somewhat troublesome since these defendants are not the only defendants who, in their individual capacities, have asserted the affirmative defense of qualified immunity, the Court nevertheless finds in the absence of any bad faith on the part of the plaintiffs, that the mere attempt to avoid either an adverse summary judgment ruling or an interlocutory appeal does not constitute plain legal prejudice.

Based upon the foregoing and after balancing the relevant equities in an attempt to craft a condition that is not unduly punitive or unduly favorable to any party, the Court in its discretion

(1) GRANTS the plaintiffs' Motion to Dismiss Certain Defendants Without Prejudice [Doc. 173] filed on August 6, 2010, to the extent that the claims in the second amended complaint that are asserted by the adult plaintiffs as parents and next friend of any minor child and that seek damages on behalf of and for the minor child are hereby DISMISSED without prejudice and without the imposition of any terms or conditions;[2]

(2) ADVISES the parties that it intends to grant said Motion to the extent that the independent claims in the second amended complaint that are asserted by the adult plaintiffs individually and that seek damages on behalf of and for the adult plaintiffs shall be dismissed without prejudice but that such dismissal, to alleviate any unfairness to these defendants caused by the voluntary dismissal and possible subsequent refiling, shall be

---

[2] Cf. Gomes v. Hameed, 184 P.3d 479 (Okla. 2008)(duty of court to guard interests of minors in actions involving their rights); Hamilton v. Vaden, 721 P.2d 412, 418 (Okla. 1986) (guardian ad litem or next friend cannot waive or otherwise prejudice minor's substantial rights).

4

subject to the condition that should any adult plaintiff refile his or her individual action and seek damages on his or her own behalf against Nolen, Scarce, Morris, T. Smith, Shelton, Nelson, Boyer or Drennan, in their individual or official capacities, or against Siano, in his individual capacity, such plaintiff shall be liable for the reasonable attorneys fees, costs and expenses incurred by such defendant in the instant lawsuit and shall pay such fees and costs upon the refiling of his or her claim;

(3) because the adult plaintiffs should be given the opportunity to withdraw their request for dismissal since Court has decided to impose a condition upon the adult plaintiffs' request for voluntary dismissal of their individual and independent claims, DIRECTS the adult plaintiffs to notify the Court in writing no later than August 31, 2010, that their request for dismissal should be withdrawn or that their Motion to Dismiss Certain Defendants Without Prejudice should be granted, subject to the condition set forth herein; and

(4) ADVISES the parties that the adult plaintiffs' responses to the Motions for Summary Judgment filed by the defendants whose dismissal is sought shall not be due, if at all, until further Order of the Court.[3]

ENTERED this 26th day of August, 2010.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[3]Accordingly, the adult plaintiffs' responses are DEFERRED to the Motion for Summary Judgment [Doc. 185] filed by Drennan, the Motion for Summary Judgment [Doc. 189] filed by Siano and Scarce, the Motion for Summary Judgment [Doc. 191] filed by Nelson and Shelton, and the Motion for Summary Judgment [Doc. 193] filed by Boyer, Morris, Nolen and T. Smith.
Responses to all other Motions for Summary Judgment or portions thereof not filed by a defendant whose dismissal is sought shall be due on August 31, 2010.