IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA



FILED

SEP - 1 2010

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA
BY_____ DEPUTY

| | |
|---|---|
| PAUL and TAMMY MAUS, individually and as parents and next friend of A.C., a minor child, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>NORMAN PUBLIC SCHOOL DISTRICT, Independent School District No. 29 of Cleveland County, Oklahoma, et al.,<br><br>Defendants. | No. CIV-07-1323-W |

## ORDER

This matter came before the Court on the Motion to Dismiss Certain Defendants Without Prejudice filed by the plaintiffs, wherein they sought to dismiss without prejudice their federal and state law claims against defendants Patrick K. Nolen, Olivia Scarce, Dana Morris, Todd Smith, Denise Shelton, Karen Nelson, Curtis Boyer, Terry Hopper and Sandra Drennan, in their individual and official capacities, and Joseph Siano, in his individual capacity. These defendants responded, the plaintiffs filed a reply, and as directed by the Court, the defendants filed a sur-reply.

Rule 41(a)(2), F.R.Civ.P., permits dismissal of an action "at the plaintiff[s'] request . . . on terms that the [C]ourt considers proper." The plaintiffs contended in their motion that the dismissal should be without prejudice and not subject to any terms or conditions. The defendants, whose dismissal was sought, responded that the plaintiffs arguably intend to refile the dismissed claims, see Motion to Dismiss Certain Defendants Without Prejudice at 1 ("Plaintiffs no longer wish to pursue their claims against these parties <u>at this</u>

time")(emphasis added), and that the Court therefore either should dismiss the action as to them with prejudice, or in the alternative, deny the plaintiffs' request for dismissal and rule on the pending Motions for Summary Judgment.

The Court reviewed the purposes of Rule 41(a)(2), which are "to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions,'" Brown v. Baeke, 413 F.3d 1121, 1123 (10th Cir. 2005)(quoting Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 357 (10th Cir. 1996)(further quotation omitted)), and noted that "[a]bsent 'legal prejudice' to the defendant[s], the . . . [C]ourt normally should grant such a dismissal." Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997) (citations omitted). The Court also considered those factors deemed relevant in this situation by the United States Court of Appeals for the Tenth Circuit in light of the circumstances of this case,[1] e.g., Brown, 413 F.3d at 1124, and it weighed the relevant equities in an attempt to craft a condition that was not unduly punitive or unduly favorable to any party.

---

[1] The United States Court of Appeals for the Tenth Circuit has explained that

[p]rejudice [to the defendants] does not arise simply because a second action . . . may be filed against the defendant[s], which is often the whole point in dismissing a case without prejudice. Rather, prejudice is a function of other practical factors, including: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant[s]; insufficient explanation of the need for a dismissal; and the present stage of the litigation." Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997). These factors are neither exhaustive nor conclusive; the [district] court should be sensitive to other considerations unique to the circumstances of each case. And "[i]n reaching its conclusion, the district court should endeavor to insure substantial justice is accorded to both parties, and therefore the court must consider the equities not only facing the defendant[s], but also those facing the plaintiff[s]." County of Santa Fe v. Public Service Co., 311 F.3d 1031, 1048 (10th Cir. 2002)(quotation omitted).

Brown v. Baeke, 413 F.3d 1121, 1124 (10th Cir. 2005)(further citation omitted).

In an Order[2] dated August 26, 2010, the Court set forth its findings and granted the plaintiffs' Motion to Dismiss Certain Defendants Without Prejudice to the extent that the Court dismissed without prejudice and without the imposition of any terms or conditions[3] the claims in the second amended complaint that were asserted by the adult plaintiffs as parents and next friend of any minor child and that sought damages on behalf of and for that minor child.

The Court also in its Order advised the parties that as to the independent claims in the second amended complaint that were asserted by the adult plaintiffs individually and that sought damages on behalf of and for the adult plaintiffs that it intended to dismiss such claims without prejudice but that such dismissal, to alleviate any unfairness to these defendants caused by the plaintiffs' voluntary dismissal and possible subsequent refiling, would be subject to the condition that should any adult plaintiff refile his or her individual action and seek damages on his or her own behalf against Nolen, Scarce, Morris, T. Smith, Shelton, Nelson, Boyer, Hopper or Drennan, in his or her individual or official capacity, or against Siano, in his individual capacity, such plaintiff would be liable for the reasonable attorneys fees, costs and expenses incurred by such defendant in the instant lawsuit and would be required to pay such fees and costs upon the refiling of his or her claim.

Finally, the Court determined that the adult plaintiffs should be given the opportunity to withdraw their request for dismissal in light of the Court's decision to impose a condition

---

[2]To the extent defendant Hopper in his individual and official capacities was not mentioned in the Court's Order, the Court deems all findings in that Order likewise pertain to him, and it AFFIRMS such findings as to the plaintiffs' claims against Hopper.

[3]Cf. Gomes v. Hameed, 184 P.3d 479 (Okla. 2008)(duty of court to guard interests of minors in actions involving their rights); Hamilton v. Vaden, 721 P.2d 412, 418 (Okla. 1986) (guardian ad litem or next friend cannot waive or otherwise prejudice minor's substantial rights).

upon the adult plaintiffs' request for voluntary dismissal of their individual and independent claims, and it directed the adult plaintiffs to notify the Court in writing by a designated date whether they intended to withdraw their request for dismissal or whether the Court should grant their Motion to Dismiss Certain Defendants Without Prejudice, subject to the condition set forth in the Court's Order of August 26, 2010.

The record reveals that the plaintiffs have not withdrawn their request for dismissal within the allotted time. Accordingly, the Court

(1) AFFIRMS its ruling on August 26, 2010, with regard to the claims of the minor children and DISMISSES without prejudice and without the imposition of any terms or conditions the claims in the second amended complaint against Nolen, Scarce, Morris, T. Smith, Shelton, Nelson, Hopper, Boyer and Drennan, in their individual or official capacities, and against Siano, in his individual capacity, that are asserted by the adult plaintiffs as parents and next friend of any minor child and that seek damages on behalf of and for that minor child;

(2) ORDERS that the independent claims in the second amended complaint that are asserted against Nolen, Scarce, Morris, T. Smith, Shelton, Nelson, Boyer, Hopper and Drennan, in their individual or official capacities, and against Siano, in his individual capacity, by the adult plaintiffs individually and that seek damages on behalf of and for the adult plaintiffs should be and are hereby DISMISSED without prejudice, but that such dismissal, for the reasons stated by the Court in its Order of August 26, 2010, shall be and is hereby subject to the condition that should any adult plaintiff refile his or her individual action and seek damages on his or her own behalf against Nolen, Scarce, Morris, T. Smith, Shelton, Nelson, Hopper, Boyer or Drennan, in his or her individual or official capacity, or

against Siano, in his individual capacity, such adult plaintiff shall be liable for the reasonable attorneys fees, costs and expenses incurred by such defendant in the instant lawsuit and shall pay such fees and costs upon the refiling of his or her claim; and

(3) in light of these dismissals, deems MOOT

(a) the Motion for Summary Judgment [Doc. 181] to the extent it was filed by and seeks summary judgment on behalf of Hopper, in his individual and official capacities;

(b) the Motion for Summary Judgment [Doc. 185] to the extent it was filed by and seeks summary judgment on behalf of Drennan, in her individual and official capacities;

(c) the Motion for Summary Judgment [Doc. 189] to the extent it was filed by and seeks summary judgment on behalf of Siano, in his individual capacity, and Scarce, in her individual and official capacities;

(d) the Motion for Summary Judgment [Doc. 191] to the extent it was filed by and seeks summary judgment on behalf of Nelson and Shelton, in their individual and official capacities; and

(e) the Motion for Summary Judgment [Doc. 193] to the extent it was filed by and seeks summary judgment on behalf of Boyer, Morris, Nolen and T. Smith, in their individual and official capacities.

ENTERED this 1st day of September, 2010.

LEE R. WEST
UNITED STATES DISTRICT JUDGE